IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| RAVEN REED, *et al.*, | * |
| | * |
| Plaintiffs, | * |
| | * |
| v. | *   CIVIL ACTION NO. AW-09-1162 |
| | * |
| CODE 3 SECURITY AND | * |
| PROTECTION SERVICES, INC., *et al.*, | * |
| | * |
| Defendants. | * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MEMORANDUM OPINION

Plaintiffs, on behalf of themselves and other similarly situated employees, bring this action against Defendants Code 3 Security and Protection Services, Inc. and Keith C. Lynn (collectively "Defendants") asserting various claims that relate to the employer's alleged failure to pay wages Plaintiffs were owed. Currently pending before the Court is Defendants' Motion for Partial Dismissal of Plaintiffs' Class Action Complaint (Doc. No. 10). The Court has reviewed the entire record, as well as the pleadings and exhibits, with respect to the instant motion. The issues have been briefed, and no hearing is deemed necessary. *See* Local Rule 105.6 (D. Md. 2008). For the reasons stated more fully below, the Court will GRANT IN PART and DENY IN PART Defendants' motion.

### 1. Brief Facts

Plaintiffs are current and former employees of Defendants who worked as security guards in various locations in Maryland, Virginia, and the District of Columbia.[1] Defendants allegedly

---

[1] The Plaintiffs named in the Complaint worked for Defendants from around spring and summer of 2008 to around winter 2009.

failed to fully pay regular compensation to Plaintiffs and docked hours Plaintiffs worked without notifying them. Additionally, Defendants allegedly failed to pay Plaintiffs wages at the overtime rate though they were aware that Plaintiffs regularly worked in excess of forty hours per calendar week. Defendants allegedly misclassified Plaintiffs as independent contractors for overtime compensation purposes as Plaintiffs should have been classified as non-exempt employees under the FLSA. Defendants also refused to deduct federal and state taxes and withholdings from Plaintiffs' and other similarly situated employees' paychecks. On May 6, 2009, seven Plaintiffs brought this case as a class action against Defendants alleging violations of the federal Fair Labor Standards Act (FLSA) (Count I), and three state law claims—violations of the Maryland Wage Payment and Collection Law ("MWPCL") (Count II), violations of the Maryland Wage and Hour Law ("MWHL") (Count III), and *quantum meruit* (Count IV). On June 22, 2009, Defendants filed the instant partial motion to dismiss. On August 18, 2009, this Court issued an Order allowing notice of similarly situated employees under the FLSA. Since then many other Plaintiffs have filed notice.

**2. Standard of Review**

    **a. Dismissal under Rule 12(b)(1)**

There are two ways to present a motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). First, a party may contend "that a complaint simply fails to allege facts upon which subject matter jurisdiction can be based." *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). In this situation, "the facts alleged in the complaint are assumed to be true and the plaintiff, in effect, is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration." *Id.* Second, a party may

contend that the jurisdictional allegations in the complaint are not true. *Id.* In the latter situation, the Court may conduct an evidentiary hearing and consider matters beyond the allegations in the complaint. *Id.*

### b. Dismissal under Rule 12(b)(6)

The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the sufficiency of the plaintiff's complaint. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). Except in certain specified cases, a plaintiff's complaint need only satisfy the "simplified pleading standard" of Rule 8(a), *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In two recent cases, the United States Supreme Court clarified the standard applicable to Rule 12(b)(6) motions. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Those cases make clear that Rule 8 "requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 556 n.3 (2007). That showing must consist of at least "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

In its determination, the Court must consider all well-pled allegations in a complaint as true, *Albright v. Oliver*, 510 U.S. 266, 268 (1994), and must construe all factual allegations in the light most favorable to the plaintiff. *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999). The Court need not, however, accept unsupported legal allegations, *Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters*

*v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979). In addressing a motion to dismiss, a court should first review a complaint to determine what pleadings are entitled to the assumption of truth. *See Iqbal*, 129 S. Ct. at 1949-50. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1949. Indeed, "the Federal Rules do not require courts to credit a complaint's conclusory statements without reference to its factual context." *Id.* at 1954. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

### 3. FLSA Claims

The Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 255(a), *et seq.*, limits claims for willful infringement of the statute to those brought within three years of the incidence of the alleged violation. The statute provides "a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued." 29 U.S.C. § 255(a). As Plaintiffs brought this case on May 6, 2009, Defendants move the Court to dismiss under Federal Rule of Civil Procedure 12(b)6, any claims for violations that occurred prior to May 6, 2006. Plaintiffs claim they only allege violations that occurred after May 6, 2006. As the parties agree on this issue, Count I of Plaintiffs' Complaint is limited to allegations of FLSA violations between May 6, 2006, and May 6, 2009

### 4. Supplemental Jurisdiction

Under 28 U.S.C. § 1367(a), a Court with original jurisdiction over a claim may exercise "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). "[O]nce a district court ha[s] valid jurisdiction over a federal claim, it could, in its discretion, exercise supplemental jurisdiction

over additional state claims if they arose out of 'a common nucleus of operative fact' such that the plaintiff would ordinarily be expected to try the claims in one judicial proceeding." *White v. County of Newberry*, 985 F.2d 168, 171 (4th Cir. 1993) (citing *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (U.S. 1966)). "28 U.S.C. § 1367(c)(4) permits the court to decline to exercise supplemental jurisdiction if 'in exceptional circumstances, there are other compelling reasons for declining jurisdiction.'" *Zelaya v. J.M. Macias, Inc.*, 999 F. Supp. 778, 783 (E.D.N.C. 1998) (quoting 28 U.S.C. § 1367(c)(4)).

As Plaintiffs' state law claims in this case—the alleged violations of the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code Lab. & Empl. § 3-501, *et seq.* (Count II); alleged violations of the Maryland Wage and Hour Law ("MWHL"), Md. Code Lab. & Empl. § 3-401, *et seq.* (Count III); and *quantum meruit* (Count IV)—arise out of the same common nucleus of operative facts as the FLSA claims, the Court will use its discretion to exercise supplemental jurisdiction in this case. The Court recognizes that "the members of an FLSA class will very likely be different from the members of a Rule 23 class for the state law claims," as Defendants note. (Doc. No. 10 at 5.) Members of an FLSA class must "opt-in"; "no employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." 29 U.S.C. § 216(b). A class under Federal Rule of Civil Procedure 23, on the other hand, includes all individuals who receive notice unless they "opt-out." *See* Fed. R. Civ. P. 23 (c)(2)(B). But, the Court is unconvinced that "the potential confusion of having two sets of plaintiffs" is an "exceptional circumstance" that outweighs the benefit of having one court adjudicate federal and state claims arising out of the same case or controversy. (Doc. 10 at 6.)

Other courts in this Circuit have adjudicated federal claims under the FLSA as well as

5

state claims under the MWHL and MWPCL with potentially two different sizes of plaintiff classes for the federal and state claims. *See, e.g.*, *Hoffman v. First Student, Inc.*, No. 06-1882, 2009 U.S. Dist. LEXIS 53542, at *4 (D. Md. June 23, 2009) (adjudicating cross motions for summary judgment after defendant removed case to federal court from state court because MWHL and MWPCL claims formed one case with the FLSA claim); *see also Beltran-Benitez v. Sea Safari*, 180 F. Supp. 2d 772, 773 (E.D.N.C. 2001) ("[D]efendants' contention that allowing a Rule 23 class action along with a statutory class action under § 216(b) will 'prohibit an orderly . . . disposition of this case' is not grounded in fact. Both claims raise the same basic grievance . . . Resolving the NCWHA claims along with the FLSA claims will not be unduly burdensome, and is encouraged by the Supreme Court precedent in *Gibbs*."). Though the court in *Zelaya*, the case on which Defendant relies, declined to exercise supplemental jurisdiction in a similar scenario based on its conclusion that "the inclusion of a state law claim involving over 100 plaintiffs with a separate federal law claim involving a separate, distinct and smaller class . . . would undoubtedly confuse a jury," its decision was discretionary. 999 F. Supp. 778, 783 (E.D.N.C. 1998) ("28 U.S.C. § 1367(c)(4) *permits* the court to decline to exercise supplemental jurisdiction if 'in exceptional circumstances, there are other compelling reasons for declining jurisdiction.'") (emphasis added). Here, Defendants argue that the class size would merely justify the Court to decline jurisdiction, (Doc. No. 10 at 6), not compel that result. Because the federal and state claims arise out of the same core of facts, this Court stands on firm ground in deciding to exercise supplemental jurisdiction over these state law claims. Thus the Court declines to dismiss Plaintiffs' state law claims for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).

**5. MWPCL Claims**

The MWPCL governs timing of payment and payment upon termination. Claims under § 3-505, entitled "Payment on termination of employment; accrued leave," can only be brought by employees whose employment has been terminated. *See* Md. Code Ann., Labor & Empl. § 3-505. The MWPCL provides, "if an employer fails to pay an employee in accordance with § 3-502 or § 3-505 of this subtitle, after 2 weeks have elapsed from the date on which the employer is required to have paid the wages, the employee may bring an action against the employer to recover the unpaid wages," and may recover treble damages. Md. Code Ann., Labor & Empl. § 3-507(a)-(b); *see McLauglin* 372 F. Supp. 2d at 475. Section 3-502 "requires employers to set regular pay periods and to pay employees at least on[c]e every two weeks or twice a month." *See McLauglin v. Murphy*, 372 F. Supp. 2d 465, 475 & 475 n.8 (D. Md. 2004) (summarizing Md. Code Ann., Labor & Empl. § 3-502.) The MWPCL does not require payment of minimum wages or instate maximum work hours, or govern a Plaintiff's entitlement to a claim. The McLaughlin court, for example, dismissed plaintiff's MWPCL claims because they were "based on his entitlement to the wages themselves[,]" rather than an allegation that the defendant "failed to pay him regularly," or "failed to pay him minimum wage and overtime due him upon his termination." *McLauglin* 372 F. Supp. 2d at 475. Rather, "the Maryland Wage and Hour Law, not the MWPCL, is the state's equivalent of the FLSA," and shares its purpose "to provide a minimum wage and maximum hours for employees." *Watkins v. C. Earl Brown, Inc.*, 173 F. Supp. 2d 409, 416 (D. Md. 2001) (citation omitted).

Thus, terminated employees may bring a claim for nonpayment of wages under the MWPCL if "[t]he dispute is whether defendant has 'withheld' or 'failed to pay timely' wages due to plaintiffs." *Hoffman*, 2009 U.S. Dist. LEXIS 53542, at *4. Where a dispute centers around

whether "plaintiffs were entitled to compensation for the hours they worked" or "plaintiffs' proper rate of pay," courts do not generally find the claim to fall under the MWPCL. *Williams v. Md. Office Relocators*, LLC, 485 F. Supp. 2d 616, 618 (D. Md. 2007).

Plaintiffs whose employment was terminated and whose compensation was withheld may bring claims under the MWPCL. Because Plaintiffs allege their class consists of both current and former employees of Defendants, the Plaintiffs' class as a whole cannot bring a claim under the MWPCL. *See* Compl. ¶ 120 ("Plaintiffs and the other similarly situated employees are or were 'employees.'"). The only section of the MWPCL which Defendants arguably violated is § 3-505, entitled "Payment on termination of employment." Termination of employment is clearly a prerequisite for bringing a claim under this Section, and Plaintiffs do not allege they have all been terminated. As the Court has not yet certified the Plaintiff class under Federal Rule of Civil Procedure 23, the Court will assume Plaintiffs who are still employed by Defendants do not bring claims under this act, as those Plaintiffs clearly fall outside of the MWPCL's purview.

The Court will not dismiss the claims of former employee Plaintiffs under the MWPCL at this stage as Plaintiffs have met the requirements of surviving a motion to dismiss this claim by alleging "[d]efendants failed to pay Plaintiffs regular wages for all hours worked" and "altered Plaintiffs' hours worked by docking the hours Plaintiffs and other similarly situated employees worked without notifying them." (Doc. No. 11 at 13.) Defendant is correct that if Plaintiffs' claims under the MWPCL boiled down to the argument that they are entitled to overtime because they are non-exempt employees rather than independent contractors, they would have no cause of action under the MWPCL. Because Plaintiffs allege that, as in *Hoffman*, the instant dispute centers on whether Defendant withheld wages, and not on whether Plaintiffs were entitled to the wages, the Court will not dismiss the MWPCL claims at this stage. The Court finds the

Plaintiffs' allegations are indeed similar to those the *Hoffman* Court allowed to proceed, denying the Defendant summary judgment on this claim. In that case a group of terminated employees sought "wages for hours worked but not paid" where "they worked for more than 15 minutes on days to be identified by evidence" and alleged that "defendant ha[d] 'withheld' the compensation due them for the time they worked." *Hoffman*, 2009 LEXIS 53542, at *4 (distinguishing case from *McLaughlin*, 372 F.Supp.2d 474, because here employees were entitled to the compensation whereas the loan-broker's employment in *McLaughlin* was "terminated prior to the settlement of the loans for which he was seeking commission income" and thus "his entitlement to the withheld payments never vested"); c.f. *Williams v. Md. Office Relocators, LLC*, 485 F. Supp. 2d 616, 621-22 (D. Md. 2007) (granting summary judgment to defendant on plaintiff's MWPCL claim on the ground that "the primary question presented is whether plaintiff, while employed by defendant, fell within" an exemption because if he fell outside the exemption he would undisputedly be entitled to overtime pay and, as in *McLaughlin*, "his overtime claim turned entirely upon the question of whether overtime pay was due at all"). Thus the Court will allow those Plaintiffs who are Defendants' former employees to proceed with their MWPCL claim and will deny Defendants' motion to dismiss this claim under Federal Rule of Civil Procedure 12(b)(6).

### 6. Conclusion

For the foregoing reasons, the Court will GRANT IN PART and DENY IN PART Defendants' Motion to Dismiss. A separate Order will follow.

| | |
|---|---|
|   December 18, 2009   |       /s/      |
| Date | Alexander Williams, Jr. |
| | United States District Judge |